UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00258-FDW-DSC

| | |
|---|---|
| CHARJDE NICOLE HUNTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AMAZON.COM SERVICES, LLC, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Defendant's Motion to Dismiss, (Doc. No. 8), and Motion to Stay, (Doc. No. 24), as well as Plaintiff's Motion for Summary Judgment (Doc. No. 23). The Court advised Plaintiff of her right to respond to Defendant's motion to dismiss and the burden she carries in doing so. (Doc. No. 15). In response to the Court's notice, Plaintiff filed a response in opposition to the motion to dismiss, (Doc. No. 16), as well as several other documents to supplement that response (Doc. Nos. 18, 21, 22). For the reasons that follow, the Court GRANTS the Motion to Dismiss and DENIES AS MOOT Plaintiff's Motion for Summary Judgment.

As an initial matter, the Court notes that Plaintiff, who appears pro se, has violated the Local Rules by filing multiple documents with the Court related to the motion to dismiss, including her "Surreply," (Doc. No. 18), and two letters to the Court attempting to supplement her arguments (Doc. Nos. 21, 22). In this instance, the Court has considered those pleadings, (Doc. Nos. 18, 21, 22), and will not strike them from the docket.

### I. Background[1]

Plaintiff has sued Defendant asserting claims arising out of her employment. She contends Defendant discriminated against her based on her sex, retaliated against her by terminating her employment, defamed her, and violated the "Job Reference Law" contained in N.C. Gen. Stat. § 1-539.12. (Doc. No. 1). Plaintiff alleges her supervisor placed her in "scenarios" beginning in October 2020 that "lead [her] to believe" the supervisor "was attempting to get closer than I was comfortable." (Doc. No. 1, p. 5). On December 23, 2020, Plaintiff informed her supervisor via a LinkedIn message that she was requesting reassignment because she could not "remove inappropriate thoughts around if I met you outside of work that I would date a guy like you." (Doc. No. 1-1). Her supervisor responded, "Fair enough i [sic] understand." (Doc. No. 1-1). On January 6, 2021, Plaintiff again contacted that supervisor via LinkedIn and asked whether he would "compromise" or put himself in a "risky situation with an employee," to which her supervisor simply responded, "I would not." (Id.) Plaintiff contends her supervisor subsequently transferred her to a new team with a new supervisor and "then filing [sic] a harassment complaint" containing false information against her. (Doc. No. 1, p. 6).

Defendant's human resources department conducted an investigation into that complaint. Plaintiff participated in the investigation beginning on January 22, 2021, up until at least February 10, 2021, at which time Plaintiff emailed the human resources investigator a communication entitled "Notice to Cease and Desist." In her email, Plaintiff indicated she no longer "wish[ed]" to take part in the investigation, directed the investigator to "cease and desist any further interrogation

---

[1] Given the applicable standard of review for a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6), this background construes the factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. King v. Rubenstein, 825 F.3d 206, 212 (4th Cir. 2016).

of an unclear matter, and stated "unless you find that I have caused sufficient harm or placed anyone in imminent danger as with ongoing issues, I would like to kindly ask that you stop contacting me regarding this matter." (Doc. No. 1-1, p. 5). Plaintiff alleges the following day, her new supervisor and a human resources representative called her to inform her she "had been found 'Guilty of Harassment.'" (Id.). On the call, Plaintiff informed her new supervisor that she "was not available," and documents attached to the Complaint indicate Plaintiff "refused to remain on the call even as site HR attempted to explain the nature of the call." (Doc. No. 1-1, p. 6). The next day, on February 12, 2021, her new supervisor emailed Plaintiff with the feedback from the investigation, which concluded that Plaintiff's LinkedIn conversations demonstrated she "participated in harassing/discriminatory behavior" in violation of Defendant's policies. (Doc. No. 1-1, p. 7). The email also informed Plaintiff that based on her violation, her employment "will end effective immediately." (Doc. No. 1-1, p. 7). Plaintiff filed a claim with the Equal Employment Opportunity Commission, and she received a Notice of Right to Sue on March 21, 2021. This case followed.

## II.     Analysis

Defendant seeks dismissal of all claims. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A complaint should not be dismissed as long as it provides sufficient detail about the claim to show that the plaintiff has a more-than-conceivable chance of success on the merits." Goldfarb v. Mayor & City Council of Balt., 791 F.3d 500, 511 (4th Cir. 2015) (alterations and internal quotation marks omitted). When considering a motion to dismiss, a court must

3

consider the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  King, 825 F.3d at 212.  In addition to the Complaint's specific allegations, the Court may also consider any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005).   While a court must liberally construe *pro se* complaints, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), it cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").  Bearing these principles in mind, the Court turns to the four causes of action Plaintiff asserts in her Complaint.

**A.      Discrimination and Retaliation under Title VII**

Defendant contends the Complaint fails to state a claim for Title VII sex discrimination or retaliation.  Plaintiff need not plead a prima facie case of discrimination or retaliation to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510–515 (2002), but she must "allege facts to satisfy the elements of a cause of action created by [the relevant] statute."  Woods v. City of Greensboro, 855 F.3d 639, 648 (4th Cir. 2017) (quoting McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin., 780 F.3d 582, 585 (4th Cir. 2015)).  As to Plaintiff's sex discrimination claim, the pertinent Title VII statutory provision prohibits an employer from discharging or otherwise discriminating against any individual with respect to her compensation, terms, conditions, or privileges of employment because of sex.  42 U.S.C. § 2000e-2(a)(1) ("It shall be an unlawful employment practice for an employer -- (1) to fail or refuse to hire or to

4

discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."). As to Plaintiff's retaliation claim, the relevant Title VII provision prohibits an employer from discriminating against any individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To withstand dismissal, Plaintiff must allege facts that plausibly state a violation of Title VII "above a speculative level." Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (quoting Twombly, 550 U.S. at 555); see also McCleary-Evans, 780 F.3d at 585-86.

### 1. Sex Discrimination

Despite a liberal construction of the Complaint and giving Plaintiff the benefit of all inferences, she fails to plausibly state a sex discrimination claim under Title VII. None of the alleged events, on their own or together, permit a reasonable inference of "a general pattern of [sex] discrimination in the practices of a defendant" such as would allow the court to "infer discriminatory intent." Woods, 855 F.3d at 649. Notably absent from the Complaint is *any* specific allegation that would give rise to a reasonable inference of sex discrimination. The complaint alleges no facts to support the claim that Defendant held the hypothesized bias or said anything to indicate such a bias. See Iqbal, 556 U.S. at 683 ("[Plaintiff's] complaint does not contain any factual allegation sufficient to plausibly suggest [Defendant's] discriminatory state of mind."). Even presuming Plaintiff is a member of a protected class, she wholly fails to allege any facts to show any "prohibited conduct in which [s]he engaged was comparable in seriousness to

5

misconduct of employees outside the protected class, or that the disciplinary measures enforced against [her] were more severe than those enforced against those other employees" outside the protected class. Cook v. CSX Transp. Corp., 988 F.2d 507, 511 (4th Cir. 1993); see Hurst v. Dist. of Columbia, 681 F. App'x 186, 190 (4th Cir. 2017) (per curiam) (unpublished). And, to the extent Plaintiff seeks to put forth a case of a hostile work environment or sexual harassment based on her relationship with her prior supervisor, Plaintiff's Complaint lacks *any* specific allegation of a single incident of unwelcome conduct, much less that such conduct was sufficiently severe or so frequent to unreasonably interfere with her work performance or create an abusive work environment. Roberts v. Glenn Indus. Grp., Inc., 998 F.3d 111, 117-18 (4th Cir. 2021) (citations omitted). As the Fourth Circuit has explained, "Conduct is 'unwelcome' when it continues after the employee sufficiently communicates that it is unwelcome." Roberts, 998 F.3d at 117 (quotations and citations omitted). Here, Plaintiff alleges she engaged in "*consensual* exchanges with a former Supervisor," and this characterization—quite distinct from "unwelcome conduct"—is supported by the other allegations and exhibits to the Complaint. (Doc. No. 1, p. 5 (emphasis added)). For these reasons, Plaintiff fails to plausibly allege any facts to show Defendant discriminated against her because of her sex, and that claim is dismissed.

    **2.    Retaliation**

Retaliation is protected under Title VII in two categories of activity: participation and opposition. "[O]ppositional activity must be directed to 'an unlawful employment practice' under Title VII." DeMasters v. Carilion Clinic, 796 F.3d 409, 417 (4th Cir. 2015). Under the participation clause, an employer may not retaliate against an employee participating in an ongoing investigation or proceeding under Title VII, and "the clause protects participation activities even

6

when they are plainly 'unreasonable' or 'irrelevant.'" Netter v. Barnes, 908 F.3d 932, 937 (4th Cir. 2018) (quoting Glover v. S.C. Law Enf't Div., 170 F.3d 411, 414 (4th Cir. 1999); citing Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 259 n.4 (4th Cir. 1998) (noting that the participation clause provides "broader" protection than the opposition clause because "[a]ctivities under the participation clause are essential to the machinery set up by Title VII" (internal quotation marks omitted))). "For both participation and opposition claims, the plaintiff bears the burden of establishing that unlawful retaliation 'would not have occurred in the absence of the alleged wrongful action or actions of the employer.'" Netter, 908 F.3d at 938 (quoting Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 360, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013)).

Here, Plaintiff's Complaint lacks any allegations that she "opposed" an "unlawful employment practice" or unlawful conduct prior to her termination. 42 U.S.C. § 2000e-3(a). "The bar for what constitutes opposition is not high, and virtually any comment that disapproves of allegedly discriminatory workplace conduct is considered opposition to an unlawful employment practice." Stanley v. Universal Cable Holdings, Inc., No. 4:19-CV-30-BO, 2021 WL 1988166, at *5 (E.D.N.C. May 18, 2021) (citing Crawford v. Metro. Gov't of Nashville & Davidson Cty., 555 U.S. 271, 276 (2009); DeMasters v. Carillon Clinic, 796 F.3d 409, 417 (4th Cir. 2015)); see also E.E.O.C. v. Navy Fed. Credit Union, 424 F.3d 397, 406 (4th Cir. 2005) ("[S]ection 704(a) protects activity in opposition not only to employment actions actually unlawful under Title VII but also employment actions an employee reasonably believes to be unlawful."). Notwithstanding this low bar, Plaintiff's Complaint and exhibits thereto fail to identify any specific conduct by her supervisor that could reasonably be construed as violative of Title VII. The only conduct she alleges with any specificity is her own statements about what she "believe[d]" and her own

7

"inappropriate thoughts" about whether she would date her supervisor. (Doc. No. 1, p. 5). Furthermore, her conclusory statement that "I was terminated against my will . . . that I feel is of a retaliatory nature after declining the advances of and/or appearing to mislead my former supervisor . . ." is insufficient under Supreme Court precedent. (Doc. No. 1, p. 5); see Iqbal, 556 U.S. at 678 (holding that a complaint "tender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice) (quoting Twombly, 550 U.S. at 557). Even viewing Plaintiff's course of conduct as a whole, the Complaint fails to allege Plaintiff communicated to Defendant any *opposition* to any wrongful conduct, and it is unclear whether she even *reported* any conduct she reasonably believed to be unlawful when she responded to the investigation into her *own* statements. Without such details, the Court is left with mere speculation as to whether she engaged in any opposition activity.

Because Plaintiff's actions are not cognizable as oppositional, they must be participation activities, or her retaliation claim fails. The lack of allegations is also problematic here. The Complaint makes no allegation that Plaintiff participated in "making charges" or "testifying" in a proceeding under Title VII. 42 U.S.C.A. § 2000e-3(a). At best, the Complaint contends Plaintiff "participated" in—perhaps even "assisted" in—Defendant's internal investigation regarding Plaintiff's conduct. Thus, the viability of this claim then turns on whether this activity constitutes "participation" as contemplated by the statute.

The Fourth Circuit has recognized that Title VII protects against retaliation for participation in internal investigations *if* the investigation is for the purpose of providing information in a Title VII proceeding. Martin v. Mecklenburg Cty., 151 F. App'x 275, 279 (4th Cir. 2005) ("Title VII protects [the plaintiff's] truthful statements, regardless of their content,

8

because they took place during a meeting that was directly related to a Title VII proceeding."); see also Winslow v. Locke, No. CIV.A DKC 09-0071, 2010 WL 1141200, at *8 (D. Md. Mar. 22, 2010) (explaining Martin's holding that "participation in an internal investigation may be protected under the participation clause only insofar is it relates to an extant EEO complaint."). Here, Plaintiff has not alleged the asserted internal investigation was participation in any of the statutory machinery set up to address discrimination claims. Nowhere does Plaintiff contend her former supervisor, whom Plaintiff asserts filed the complaint in the internal investigation, instituted any proceeding under Title VII, either prior to, during, or after the investigation. Further, Plaintiff's filing with the EEOC occurred *after* her termination, so it cannot serve as the basis for her retaliation claim.[2] Without alleging a proceeding under Title VII that was attendant to the internal investigation, Plaintiff's allegations are insufficient to establish she participated in protected activity.

Finally, it bears noting that Plaintiff has failed to plausibly allege a causal connection, particularly where the Complaint's allegations and exhibits thereto make clear she was terminated based on her misconduct and violation of Defendant's policies. Causation at the pleading stage is "not [ ] onerous," and retaliation plaintiffs "do not have to show at the prima facie stage that their

---

[2] The Court is unaware of any Fourth Circuit precedent that clearly indicates Plaintiff's response to an internal investigation into a misconduct complaint *against her* constitutes protected activity. Both the Second Circuit and Eleventh Circuit have recognized that defending oneself against charges of discrimination can constitute protected activity, if "such defense involves actual participation in a Title VII proceeding or investigation." Deravin v. Kerik, 335 F.3d 195, 204 (2d Cir. 2003) (following the reasoning and analysis in Merritt v. Dillard Paper Co., 120 F.3d 1181 (11th Cir. 1997), and holding that "defending oneself against charges of discrimination – to the extent that such defense involves actual participation in a Title VII proceeding or investigation – is 'protected activity' within the scope of § 704(a) based on a plain reading of the statute's text."). Notably, the Fourth Circuit in Martin cited with approval the Deravin case as part of the discussion that the participation clause is a provision meant to "sweep broadly." Martin, 151 F. App'x at 279 (quotation omitted; citing Deravin, 335 F.3d at 203)). Merging these authorities and applying them to the instant case, the Court presumes without deciding that Plaintiff's participation in an investigation of her own misconduct could qualify as protected activity if—and only if—it was a Title VII proceeding or investigation. As explained above, Plaintiff fails to sufficiently allege it was.

9

protected activities were but-for causes of the adverse action." Strothers v. City of Laurel, 895 F.3d 317, 335 (4th Cir. 2018) (citing Foster v. Univ. of Maryland-E. Shore, 787 F.3d 243, 251 (4th Cir. 2015). Still, plaintiffs must allege facts plausibly supporting an inference of causation, a task that may be accomplished by alleging facts that show: "(1) the employer either understood or should have understood the employee to be engaged in protected activity[,] and (2) the employer took adverse action against the employee soon after becoming aware of such activity." Strothers, 895 F.3d at 336 (citations omitted). Because the Court has already ruled that Plaintiff has not alleged a plausible set of facts to show she engaged in protected activity, it follows that she has also not sufficient plead that Defendant knew or should have known she was "engaged in protected activity" notwithstanding the temporal proximity between her "participation" and termination. Id. As a whole, the Complaint here leaves the Court with nothing more than mere speculation that Defendant terminated Plaintiff in retaliation for her participation in the internal investigation regarding a complaint made against her. Assuming, *arguendo*, that Plaintiff could draw the line of inference in some way and show Defendant "understood" she was engaged in protected activity at the time it terminated her employment, such inference of retaliation is not plausible given the "obvious alternative explanation" for her termination. McCleary-Evans, 780 F.3d at 588 (quotation omitted); see also Bing, 959 F.3d at 617. Plaintiff's Complaint concedes that she engaged in the conduct for which Defendant explained as the basis for her termination, specifically the sending of LinkedIn messages with "sexual . . . comments." (Compare Doc. No. 1-1, p. 6, with Doc. No. 1-1, p. 3). Allowing Plaintiff to proceed on her complaint as stated here would mean an employee who participated in an internal investigation into their own misconduct and was subsequently terminated as a result of the findings of misconduct in that investigation would be

10

able to survive a Rule 12(b)(6) motion. "Such a result cannot be squared with the Supreme Court's command that a complaint must allege 'more than a sheer possibility that a defendant has acted unlawfully.'" McCleary-Evans, 780 F.3d at 588 (quoting Iqbal, 556 U.S. at 682). Plaintiff's allegations fail to plausibly suggest retaliation, and that claim must be dismissed.

**B.     Defamation**

In the statement of claim section of her Complaint, Plaintiff identifies "Defamation and Misrepresenting Facts" as one of her causes of action. (Doc. No. 1, p. 4). To state a claim for defamation, a plaintiff must allege that (1) the accused party made false and defamatory statements of or concerning the plaintiff; (2) which were published to a third person; (3) causing injury to the plaintiff's reputation. Smith–Price v. Charter Behavioral Health Sys., 595 S.E.2d 778, 783 (N.C. Ct. App. 2004) (quoting Tyson v. L'Eggs Products, Inc., 351 S.E.2d 834, 840 (N.C. Ct. App. 1987). A statement is defamatory if it either, directly or by implication, ascribes dishonesty, fraud, lack of integrity, or reprehensible conduct to the subject of the statement. See Flake v. Greensboro News Co., 195 S.E. 55, 60 (N.C. 1938). "Merely referring to statements made by 'Defendants' to 'third parties' . . . generally . . . is inadequate to state a claim for defamation." Diagnostic Devices, Inc. v. Pharma Supply, Inc., No. 3:08–CV–149–RJC–DSC, 2009 WL 3633888 at *13 (W.D.N.C. Oct. 30, 2009). The complaint must set forth who said what to whom, as well as when and where the defamatory statements were made. Id.; see also Andrews v. Elliot, 426 S.E.2d 430, 432 (N.C. Ct. App. 1993).

It is unclear from reading the entirety of Plaintiff's Complaint what statements of Defendant she contends are defamatory. The complaint lacks necessary details regarding the exact statements made by Defendant and their context, and the complaint also fails to allege even

11

generally who made the statements, to whom the statements were made, or how Defendant is liable for the statements made. Plaintiff's failure to include the statements prevents the Court from determining whether the statements are defamatory. At best, the Court can discern that Plaintiff contends her prior supervisor made defamatory statements in filing the complaint that led to her internal investigation. She alleges her prior supervisor filed a "harassment complaint" and, several lines later she asserts, "The information disclosed by the current or former employer was false." (Doc. No. 1, p. 6). This vague and conclusory assertion, however, is insufficient, particularly where she fails to plausibly allege *why* the statement was false. Merely labeling a "complaint" as "false" does not satisfy Twombly and Iqbal. Plaintiff fails to state a cognizable defamation claim, and it is dismissed.

**C.     N.C. Gen. Stat. § 1-539.12(a)**

Plaintiff also purports to assert a claim pursuant to N.C. Gen. Stat. § 1-539.12(a), which provides civil liability to "an employer who discloses information about a current or former employee's job history or job performance to a prospective employer of the current or former employee upon request of the prospective employer or upon request of the current or former employee," unless the disclosed information was false. First, this statute provides immunity to an employer, and it does not appear to create a separate right of action for an employee. Second, and similar to her other unsupported claims discussed above, Plaintiff's Complaint fails to allege—generally or with any specificity—what information about her job history or job performance was disclosed, who disclosed the information and to whom, or why the purported disclosure is false. Plaintiff has not sufficiently plead a cognizable claim pursuant to N.C. Gen. Stat. § 1-539.12(a), and this cause of action must also be dismissed.

12

### D. Other Motions

In light of dismissal of all claims in Plaintiff's Complaint, her Motion for Summary Judgment is denied as moot.

### III. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. No. 8) is GRANTED, and this matter shall be dismissed. Consequently, Plaintiff's Motion for Summary Judgment (Doc. No. 23) is DENIED IN MOOT. The Clerk of Court is directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: November 10, 2021

Frank D. Whitney
United States District Judge